IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DE LAGE LANDEN FINANCIAL SERVICES, INC.<br><br>        **Plaintiff,**<br>v.<br><br>TOPEKA HOSPITAL, LLC, TOPEKA HEALTH SYSTEM, LLC, and SAMUEL MOORE<br>        **Defendants.** | CIVIL ACTION NO. 22-1834 |

## MEMORANDUM OPINION

**Rufe, J.**                                                                                                             **March 6, 2023**

Plaintiff De Lage Landen Financial Services, Inc. filed suit against Defendants Topeka Hospital, LLC, Topeka Health System, LLC, and Samuel Moore in the Court of Common Pleas of Chester County, Pennsylvania. That court entered default judgment in favor of Plaintiff on all claims. Defendant Moore removed the case to this Court on the basis of diversity jurisdiction, whereupon Defendants Topeka Hospital and Topeka Health System (collectively, "Hospital Defendants"), moved to set aside the default judgment as void, arguing that Plaintiff failed to effect proper service of the Complaint on them.[1] For the following reasons, Hospital Defendants' motion will be granted.

**I.    BACKGROUND**

According to the allegations of the Complaint, the parties entered into an equipment lease agreement with accompanying guaranties (the "Agreement") on December 16, 2019.[2] Plaintiff

---

[1] Defendant Moore has answered the Complaint. *See* Doc. No. 9.

[2] Compl. [Doc. No. 1-1] ¶ 6.

agreed to lease Hospital Defendants a Zeiss OPMI Lumera 700 surgical microscope (the "Equipment") in exchange for forty-four monthly payments of $3,688.32.[3] If Hospital Defendants failed to make their monthly payments, Plaintiff could "declare[] Defendant[s] in default and accelerate[] the balance due under the Agreement."[4] Plaintiff alleges that Hospital Defendants have failed to make their monthly payments since November 15, 2021.[5] Plaintiff seeks return of the Equipment and full payment of the outstanding balance, which totaled $153,451.10 as of February 23, 2022.[6]

Plaintiff mailed service of process to Hospital Defendants' primary business address in Topeka, Kansas by certified mail on March 14, 2022.[7] Plaintiff admits that it never received a signed return receipt card, but it claims that the United States Postal Service ("USPS") confirmed that Hospital Defendants use a courier to pick up their mail and that the courier, Dave Kent, picked up the Complaint on March 21, 2022.[8] However, Teresa Batchelor, the Chief Financial Officer of Hospital Defendants, avers that they have no record of "who this individual was, or whether the individual was an employee or agent of the Defendants authorized to accept service of process."[9] Instead, Hospital Defendants have designated Corporate Service Company as their registered agent with the Kansas Secretary of State to accept service of process.[10]

---

[3] Compl. ¶¶ 6-7.

[4] Compl. [Doc. No. 1-1] ¶ 11.

[5] Compl. ¶ 13.

[6] Compl. ¶ 14.

[7] Notice of Removal Ex. B [Doc No. 1-2].

[8] Pl.'s Resp. Opp. Defs.' Mot. Set Aside Default J. [Doc. No. 7] at 3; Ex. A (Decl. of Danielle E. Ryan) at ¶ 10. Plaintiff does not provide any information as to how USPS knew the name of the courier.

[9] Mem. Supp. Defs.' Mot. Set Aside Default J. [Doc No. 6-1] at 2; see Decl. Teresa Batchelor [Doc. No. 6-2] ¶¶ 2-3.

[10] Decl. Teresa Batchelor [Doc. No. 8-1] at ¶ 4 & Ex. A.

On April 13, 2022, Plaintiff filed notice of intent to take default judgment,[11] and the Chester County Court entered default judgment against Hospital Defendants on May 5, 2022.[12] Hospital Defendants state they did not receive the notice of intent or notice of default judgment until May 23, 2022.[13] In the event the default judgment is set aside, Hospital Defendants propose a deadline to respond to the Complaint.[14]

## II.   DISCUSSION

Hospital Defendants move to set aside the default judgment against them because Plaintiff failed to effect proper service of the complaint before the default judgment was entered. The Court's power to set aside the state court's default judgment is governed by Federal Rules of Civil Procedure 55(c) and 60(b).[15] Under Rule 60(b)(4), the Court must set aside a judgment if it is void.[16] A jurisdictional defect voids a judgment,[17] and proper service is a prerequisite for personal jurisdiction.[18] Therefore, a default judgment must be set aside as void "when there has been no proper service of the complaint."[19]

The plaintiff has the burden of proving proper service.[20] Pennsylvania Rule of Civil Procedure 403 governs proper service of defendants outside of the Commonwealth.[21] A plaintiff

---

[11] Pl.'s Resp. Opp. Defs.' Mot. Set Aside Default J. [Doc. No. 7] Ex. A, at 52-54.

[12] *Id.* at 4.

[13] Decl. Teresa Batchelor [Doc. No. 6-2] ¶¶ 2-3. Hospital Defendants apparently did receive a copy of the Complaint sometime in mid to late April 2022. *Id.* at ¶ 8.

[14] Defs.' Proposed Order [Doc. No. 6-3].

[15] *See Budget Blinds, Inc. v. White*, 536 F.3d 244, 259-60 (3d Cir. 2008).

[16] Fed. R. Civ. P. 60(b)(4).

[17] *United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 271 (2010).

[18] *See Lampe v. Xouth, Inc.*, 952 F.2d 697, 700-01 (3d Cir. 1991).

[19] *Gold Kist, Inc. v. Laurinburg Oil Co.,* 756 F.2d 14, 19 (3d Cir. 1985).

[20] *Lampe*, 952 F.2d at 701.

[21] Pa. R. Civ. P. 403;); Pa. R. Civ. P. 404(2).

3

serving process by mail must use "any form of mail requiring a receipt signed by the defendant or [the defendant's] authorized agent. Service is complete upon delivery of the mail."[22]

Additionally, proper service on a corporate entity must be made upon an executive officer, a person temporarily in charge of the place of business, or an authorized agent.[23] The plaintiff must provide evidence "that the defendant or the defendant's authorized agent signed the return receipt."[24] Delivering service of process to a mail clerk or secretary who "has the authority to accept mail on behalf of the defendant does not establish that such individual is an agent of the defendant authorized to accept service of process."[25] Without proper service, a court "is powerless to enter judgment against" a defendant.[26]

Plaintiff contends that service was proper because it used USPS restricted delivery mail, "which can only be delivered to the addressee or [an] authorized agent."[27] Plaintiff's attorney states that she confirmed with USPS that Hospital Defendants' courier, Mr. Kent, picked up the certified mail containing the complaint on March 21, 2022.[28] Plaintiff argues that because the USPS restricted delivery policy only allows delivery to the addressee or an authorized agent, and

---

[22] Pa. R. Civ. P. 403.

[23] Pa. R. Civ. P. 424.

[24] *Kornea v. J.S.D. Mgmt., Inc.*, 336 F. Supp. 3d 505, 509 (E.D. Pa. 2018); *see Lampe*, 952 F.2d at 701 (3d Cir. 1991) (determining plaintiff did not comply with Rule 403 because "defendant admittedly did not sign receipts, and plaintiff had offered no proof that signatures belonged to defendant's authorized agents.").

[25] *Kornea*, 336 F. Supp. 3d at 509.

[26] *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 917-18 (Pa. 1997).

[27] Pa. R. Civ. P. 403 (West 1986); Pl.'s Resp. Opp. Defs.' Mot. Set Aside Default J. [Doc. No. 7] at 6-7. Plaintiff also contends that service was proper because it used Hospital Defendants' valid address, and Hospital Defendants did eventually receive the complaint. *Id.* at 7. However, mailing service to the correct address is not sufficient; Plaintiff must affirmatively prove that proper service was made upon Hospital Defendants' executive officer, person temporally in charge of the business, or authorized agent.

[28] Decl. Danielle Ryan [Doc. No. 7] at 12, ¶ 10.

USPS delivered process to Mr. Kent, Mr. Kent must have been Hospital Defendants' authorized agent.[29] However, this syllogism fails to establish proper service.

Courts have rejected the argument that restricted delivery, in the absence of a receipt signed by an authorized agent, demonstrates proper service.[30] Otherwise, "any individual who signs a return receipt would, from the mere fact of signing, be a defendant's authorized agent."[31] In this case, Plaintiff represents that USPS informed Plaintiff that "Defendants have authorized a courier service to pick up their mail,"[32] but "an authorization to accept mail does not establish authority to accept service."[33] Plaintiff has not even produced a return receipt, and it has not proved that proper service was made upon Hospital Defendants or their authorized agent.[34] Plaintiff could have effected service upon Defendants' registered agent for service but did not, and so now must show that the service it did attempt was proper. It has not done so.

Plaintiff raises two other arguments against setting aside the default judgment, but neither is persuasive. First, Plaintiff argues that if proper service was made, a defect in the return of

---

[29] Pl.'s Resp. Opp. Defs.' Mot. Set Aside Default J. [Doc. No. 7] at 7.

[30] *See Washington v. LM General Ins. Co.*, 598 F. Supp. 3d 280, 286-87 (E.D. Pa. 2022); *Aetna Inc. v. Insys Therapeutics, Inc.*, 284 F. Supp. 3d 582, 586 (E.D. Pa. 2018); *Ghost v. Victory Recovery Serv., Inc.*, No. 14–215, 2014 WL 1515700, at *2 (E.D. Pa. Apr. 17, 2014).

[31] *Ghost*, 2014 WL 1515700, at *3.

[32] Decl. Danielle Ryan [Doc. No. 7] at 12, ¶ 9.

[33] *Aetna*, 284 F. Supp. 3d at 586; *see also Furin v. Reese Teleservices, Inc.*, No. 07-1542, 2008 WL 5068955, at *1 (W.D. Pa. Nov. 24, 2008) (finding signature of secretary or receptionist insufficient for proper service).

[34] *See, e.g.*, *Washington*, 598 F. Supp. 3d at 287 (finding stamped returned receipt card insufficient for proper service under Rule 403); *ANS Assocs., Inc. v. Gotham Ins. Co.*, 42 A.3d 1074, 1075 (Pa. Super. Ct. 2012) (finding lack of proper service because certified mail receipt did not have recipient's signature).

service should not invalidate a default judgment.[35] However, the return of service must contain "sufficient information for a court to determine that service was proper," which is absent here.[36]

Second, Plaintiff argues that the Court must evaluate whether Hospital Defendants have a meritorious defense before setting aside the default judgment, and that Hospital Defendants have no defense.[37] However, this consideration is only relevant when "the only question before the district court is whether to exercise its discretion to set aside the default judgment" under Rule 60(b)(1).[38] Under Rule 60(b)(4), the Court "has no discretion in considering motions predicated on the voidness of the original judgment."[39]

Therefore, because Plaintiff failed to effectuate proper service upon Hospital Defendants, the Chester County Court lacked personal jurisdiction over Hospital Defendants, and the default judgment must be set aside as void.

## III. CONCLUSION

For the reasons stated above, Hospital Defendants' motion to set aside the default judgment as void is granted. An order will be entered.

---

[35] Pl.'s Resp. Opp. Defs.' Mot. Set Aside Default J. [Doc. No. 7] at 5-6 (citing *Cintas Corp. v. Lee's Cleaning Servs., Inc.*, 700 A.2d 915, 918 (Pa. 1997)).

[36] *Cintas*, 700 A.2d at 918; *Knickerbocker Russell Co. v. Crawford*, 936 A.2d 1145, 1147–48 (Pa. Super. Ct. 2007) (preserving default judgment despite late filing of return of service because undisputed that proper service was effected).

[37] Pl.'s Resp. Opp. Defs.' Mot. Set Aside Default J. [Doc. No. 7] at 8.

[38] *See Gold Kist,* 756 F.2d at 19.

[39] *Boughner v. Sec. Health, Edu., & Welfare*, 572 F.2d 976, 977 (3d Cir. 1978).